USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA Z. ECKE and ESTATE OF DAVID JONATHAN ECKE,

Plaintiffs,

-against-

PURDUE PHARMA, ET AL.,

Defendant.

25-cv-10237 (MKV)

ORDER

MARY KAY VYSKOCIL, United States District Judge:

Plaintiffs Maria Ecke and the Estate of David Jonathan Ecke ("Plaintiffs") filed the complaint in this case on December 9, 2025. [ECF No. 1]. On December 18, 2025, Plaintiff filed a letter motion to consolidate the present case with two others. [ECF No. 3]. On January 6, 2026, attorney Ben Kaminetsky of Davis Polk & Wardwell LLP filed an appearance on behalf of Defendants Purdue Pharma L.P. and Purdue Pharma Inc. (the "Purdue Defendants"). [ECF No. 8]. Purdue Defendants also filed a letter response opposing Plaintiffs' consolidation request. [ECF No. 9]. For the reasons set forth below, Plaintiffs' consolidation request is DENIED.

Federal Rule of Civil Procedure 42(a) states that consolidation is merited "[i]f actions before the court involve a common question of law or fact." In evaluating a consolidation request a "judge must balance the gains in judicial efficiency with any threats of prejudice and confusion [and] the burden is on the moving party to prove that consolidation is warranted." *See Ocean Ships, Inc. v. Stiles*, No. 00 CIV. 5469 (RCC), 2003 WL 22741457, at *1 (S.D.N.Y. Nov. 19, 2003). Plaintiff has not demonstrated any common questions of law or fact, and the Court finds that judicial efficiency will not be served by consolidating the cases. As an initial matter, the Court notes that Case No. 19-bk-23649 is a Chapter 11 case involving Purdue Pharma L.P. currently

pending before the United States Bankruptcy Court for the Southern District of New York, which may not be considered "before the court" as required by Federal Rule of Civil Procedure 42(a). Case No. 25-cv-7803 appears to be an appeal that Ms. Ecke has filed relating to a Chapter 11 bankruptcy of an entirely different entity called Endo International PLC. Plaintiffs have not provided any support for why judicial economy would be served by consolidating these seemingly disparate cases. The instant case appears to be a distinct civil action arising from the death of her son, David Jonathan Ecke, against Purdue Defendants and several individual Defendants including members of the Sackler family. The Court agrees with Purdue Defendants that consolidating the present case with the Chapter 11 bankruptcy case of Purdue Pharma L.P. and a seemingly unrelated appeal from the Endo Bankruptcy would create confusion, prejudice, and waste judicial resources. As a result, Plaintiff's request for consolidation is DENIED.

IT IS FURTHER ORDERED that on or before December 2, 2026, counsel for Purdue Defendants will file a letter not to exceed three pages advising the Court on whether they will also be appearing on behalf of the other named Defendants and would waive service on behalf of any Defendants.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: November 18, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**